**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Raoul LEE, | ) | No. CV-06-1589-PHX-SMM |
| | ) | |
|          Plaintiff, | ) | **ORDER** |
| v. | ) | |
| | ) | |
| ATLAS VAN LINES, et al., | ) | |
| | ) | |
|          Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendant Atlas Van Lines's ("Atlas") and Defendant Security Storage Company of Raleigh, Inc.'s ("Security Storage") Motion to Dismiss (Dkt. 6) the case for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  Plaintiff Raoul Lee has filed a response to defendants' Motion to Dismiss, which contains a Motion to Amend the Complaint to Assert Carmack Claims. (Dkt. 8)  In turn, defendants have filed a reply in support of their motion. (Dkt. 10)

Plaintiff Lee brought an action for damages against defendants based on state and common law claims, including breach of contract and unjust enrichment.  Plaintiff's action stems from a contract of carriage entered into with Defendant Atlas on May 31, 2005. Defendant Atlas agreed to safely move and deliver Plaintiff's personal property from North Carolina to Arizona for the sum of $11,128.25.[1]  Upon arriving in Arizona, Plaintiff discovered

---

[1]This amount is the amount listed in the contract between Plaintiff and Defendant Atlas. Plaintiff ultimately paid Atlas the sum of $12,241.04 for the delivery of his personal property.

1  that many of his boxes, pieces of furniture and merchandise were lost or damaged.  Defendants'

2  moved to dismiss this action, arguing that the state and common law claims alleged in Plaintiff's

3  Complaint are preempted by 49 U.S.C. § 14706, commonly referred to as the "Carmack

4  Amendment."  Defendants further allege that Defendant Security Storage should be dismissed

5  as a party to this litigation since it cannot be held independently liable under Carmack.

6                                  **I.  STANDARD OF REVIEW**

7          **A.  Motion to Dismiss**

8          A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9  Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support

10  of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

11  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  When deciding a

12  Motion to Dismiss, all allegations of material fact in the complaint are taken as true and

13  construed in the light most favorable to the plaintiff.  W. Mining Council v. Watt, 643 F.2d 618,

14  624 (9th Cir. 1981).

15          A court may dismiss a claim either because it lacks "a cognizable legal theory" or

16  because it fails to allege sufficient facts to support a cognizable legal claim.  SmileCare Dental

17  Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).  "Dismissal without

18  leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not

19  be saved by any amendment."  Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th

20  Cir.1991). When exercising its discretion to deny leave to amend, "a court must be guided by

21  the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the

22  pleadings or technicalities."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

23          **B.  Federal Preemption**

24          Federal law "shall be the supreme Law of the Land... and Thing in the Constitution or

25  Law of any State to the Contrary notwithstanding," and state law in conflict with federal law

26  is "without effect.."  U.S. Const. art. VI, cl.2; Maryland v. Louisiana, 451 U.S. 725, 746, 101

27

28

1   S.Ct. 2114 (1981).  Federal law can preempt state law in three ways.[2]  One is by express

2   statutory command. Morales v. Trans Word Airlines, Inc., 504 U.S. 374, 382, 112 S.Ct. 2031

3   (1992).  Second, state law is preempted "where the scheme of federal regulation may be so

4   pervasive as to make reasonable the inference that Congress 'left no room' for the state to

5   supplement it." Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146 (1947).

6   Finally, state law is preempted where "compliance with both federal and state regulations is a

7   physical impossibility" or state law "stands as an obstacle to the accomplishment and execution

8   to the full purposes and objectives of Congress." Fla. Lime & Avocado Growers, Inc. v. Paul,

9   373 U.S. 132, 142-43, 83 S. Ct. 1210 (1963); Wis. Pub. Intervenor v. Mortier, 501 U.S. 597,

10  111 S. Ct. 2476, 2481 (1991).

11      Where Congress has not expressly preempted state law, courts look to the "goals and

12  policies of the Act in determining whether it in fact preempts an action," with congressional

13  purpose being the "ultimate touchstone." Int'l Paper Co. v. Ouellette, 479 U.S. 481, 493, 107

14  S.Ct. 805 (1987); Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516, 112 S.Ct. 2608 (1992).

15  A court's "ultimate task in any preemption case is to determine whether state regulation is

16  consistent with the structure and purpose of the state as a whole." Gade v. Nat'l Solid Waste

17  Mgmt. Ass'n., 505 U.S. 88, 98, 112 S.Ct. 2374 (1992).

18                                **II.  DISCUSSION**

19      Defendants move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds

20  that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Defendants

21  argue that the state law claims alleged in Plaintiff's Complaint are preempted by the Carmack

22  Amendment.  Defendants further allege that Defendant Security Storage should be dismissed

23  as a party to this litigation since it cannot be held independently liable under Carmack.  Plaintiff

24  opposed Defendants' motion by arguing that the motion to dismiss was premature and, in the

25  alternative, filed a Motion to Amend the Complaint to Assert Carmack Claims.  For the reasons

26  _____

27      [2]While these categories provide a helpful analytic framework, they are not "rigidly
    distinct." Industrial Truck Ass'n., Inc. v. Henry, 125 F.3d 1305, 1309 (9th Cir. 1997) (quoting
28  English v. General Elec. Co., 496 U.S. 72, 78-80, 110 S.Ct. 2270 (1990).

1    set forth below, the Court finds that Plaintiff's state and common law claims are preempted by

2    the Carmack Amendment.   However, the Court will grant Plaintiff leave to amend the

3    Complaint.

4         **A. Preemption Under the Carmack Amendment**

5         The Carmack Amendment provides shippers with the statutory right to recover for actual

6    losses or injuries to their property caused by carriers involved in the shipment.   Prior to the

7    enactment of the Carmack Amendment, the liability of carriers for loss of, or damage to,

8    interstate shipments was determined by common law or the law of the states. Adams Express

9    Co. v. Croninger, 226 U.S. 491, 504, 33 S.Ct. 148 (1913).   In Adams Express the Supreme

10   Court recognized that Carmack's purpose was to eliminate the legal mélange of state laws

11   governing carrier liability making it "practically impossible for a shipper... to know without

12   considerable investigation and trouble...what would be the carrier's actual responsibility as to

13   goods delivered...from one state to another." 226 U.S. at 505.   The Court went on to recognize

14   the preemptive scope Carmack:

15        That the legislation supersedes all the regulations and policies of a particular state upon
         the same subject results from its general character.   It embraces the subject of the liability of the
16       carrier under a bill of lading which he must issue, and limits his power to exempt himself by
         rule, regulation, or contract.  Almost every detail of the subject is so covered so completely that
17       there can be no rational doubt but that Congress intended to take possession of the subject, and
         supersede all state regulation with reference to it.
18

19   226 U.S. at 505-506.   In the years following Adams Express, courts have consistently held that

20   the Carmack Amendment preempts state law remedies for loss or damage to goods shipped by

21   common carriers. See e.g., Hughes Aircraft v. North American Van Lines, 970 F.2d 609, 613

22   (9th Cir. 1992); North Am. Van Lines v. Pinkerton Sec. Sys., 89 F.3d 452 (7th Cir. 1996); Rini

23   v. United Van Lines, Inc., 104 F.3d 502 (1st Cir. 1997); Morris v. Covan World Wide Moving,

24   Inc., 144 F.3d 377, 382 (5th Cir. 1998); Smith v. UPS, 296 F.3d 1244 (11th Cir. 2002).

25   Therefore, the Court finds that the Carmack Amendment preempts state law claims based on

26   loss or damage to goods shipped in interstate commerce.

27

28   1. Carmack Preempts Plaintiff's Claims

1    Plaintiff's claims arise from loss or damage to personal property shipped by Defendants

2    from North Carolina to Arizona pursuant to a written contract.  Plaintiff has not alleged any

3    injuries separate and apart from the loss or damage to his personal property.  Accordingly, the

4    Court finds that the Carmack Amendment preempts Plaintiff's state and common law claims and

5    will grant Defendants' Motion to Dismiss.

6    2. Defendant Security Storage Remains a Party

7    Defendants' claim that Defendant Security Storage cannot be held independently liable

8    under the Carmack Amendment and therefore should be dismissed as a party to this action.  The

9    Court declines to address Defendants' argument at this point in the litigation.  The question of

10   whether Defendant Security Storage can be held independently liable under Carmack is not ripe

11   for review because Plaintiff has yet to assert a federal claim.  Accordingly, Defendant Security

12   Storage remains a party to this action.

13   **B. Plaintiff's Motion to Amend the Complaint**

14   Plaintiff requests leave to amend his Complaint to assert federal claims.  Dismissal

15   without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint

16   could not be saved by any amendment.  Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th

17   Cir. 1991).  Having determined that the dismissal of Plaintiff's state and common law claims is

18   necessary under the Carmack Amendment, the Court finds that justice requires granting Plaintiff

19   leave to amend his Complaint.  Plaintiff asserted his state and common law claims in good faith

20   and it appears that the Complaint's deficiencies can be cured by basing the claims on federal law

21   instead of state and common law.  Accordingly, the Court will grant Plaintiff leave to amend

22   the Complaint.

23   **CONCLUSION**

24   For the reasons set forth above,

25   **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the Complaint

26   pursuant to Fed.R.Civ.P. 12(b)(6) (Dkt.6) is **GRANTED IN PART** and **DENIED IN PART**

27   as follows:

28

1   GRANTED Without Prejudice: Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE

2   and WITH LEAVE TO AMEND.

3   DENIED: Defendants' request that Defendant Security Storage be dismissed as a party to this

4   action.

5       **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint to Assert

6   Carmack Claims (Dkt. 8) is **GRANTED**.  Plaintiff must file an amended Complaint no later

7   than **November 17, 2006**.

8       DATED this 23rd day of October, 2006.

Stephen M. McNamee
United States District Judge

- 6 -